UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. LUCIE COUNTY FIRE DISTRICT FIREFIGHTERS' PENSION TRUST FUND, TOWN OF NORTH BRANFORD PENSION COMMITTEE, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MOTOROLA, INC., EDWARD J. ZANDER, THOMAS MEREDITH and GREGORY Q. BROWN,<br><br>Defendants. | No. 1:10-cv-00427<br><br>Honorable Virginia M. Kendall<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND |

## INTRODUCTION

Plaintiffs hereby submit this Memorandum of Points and Authorities in support of their Unopposed Motion for Distribution of Class Settlement Fund.[1] This Motion is filed pursuant to the Settlement Agreement entered into by the Parties in this action.[2] The Settlement Agreement requires Plaintiffs to apply to the Court for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted, approving payment of settlement administration related fees and expenses not previously applied for, and directing payment of the Net Settlement Fund to Authorized Claimants.[3] Plaintiffs are also seeking Court authorization for the destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, the destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund, and approval of Lead Counsel's selection of the Legal Assistance Foundation of Metropolitan Chicago (an Internal Revenue Code Section 501(c)(3) charity) to receive any residual remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) following the distribution to Class Members.

## I. CLAIMS ADMINISTRATION

Pursuant to the Settlement Agreement and as set forth in the notice disseminated in connection with the Settlement, all Class Members wishing to participate in the Net Settlement Fund were required to submit valid and timely Proof of Claim forms. GCG sent out over 257,000 claim packets, and received and reviewed over 57,000 Proof of Claim forms. *See* Declaration of Jason Zuena in Support of Plaintiffs' Motion for Distribution of Net Settlement Fund, ¶¶8, 14 ("Zuena

[1] Defendants have stated that they do not oppose this Motion.

[2] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Settlement Agreement.

[3] The Preliminary Approval Order dated July 7, 2011 appointed The Garden City Group, Inc. ("GCG") to act as Claims Administrator.

Decl."). To the extent that a claim was deficient in any regard, GCG notified the claimant of the deficiency and advised the claimant as to the possible ways to cure the deficiency. Zuena Decl., ¶¶19, 26-34. Where a claimant failed to cure a defective claim after notice, or where the claim showed that the claimant was not entitled to receive a share of the Net Settlement Fund, GCG notified the claimant of the rejection of the claim and directed the claimant to contact GCG if they had any questions regarding the determination rejecting the claim. *Id.*

## II. THE COURT SHOULD APPROVE GCG'S ACCEPTANCE OF LATE CLAIMS

Through November 30, 2012, 1,241 claims proposed to be accepted were received after the November 25, 2011 submission deadline. Zuena Decl., ¶35. No claim was rejected by GCG solely because it was received after the submission deadline and no delay has resulted from the acceptance of these claims. *Id.* It is Plaintiffs' and GCG's belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date but while claims were still being processed. Accordingly, it is respectfully requested that this Court approve GCG's administrative determination not to reject claims submitted after the deadlines solely because of lateness. *Id.* at ¶¶36, 53.

There must, however, be a final cut-off date after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after November 30, 2012 would necessarily require a delay in the distribution. *Id.* at ¶36. Accordingly, it is also respectfully requested that this Court enter an Order directing that no claim received after November 30, 2012 be accepted for any reason whatsoever. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977) ("There is no question that in the distribution of a large class action settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'") (citation omitted).

For the foregoing reasons, as well as those set forth in the Zuena Decl., it is respectfully requested that the Court approve GCG's administrative determinations accepting and rejecting claims.[4]

## III. THE COURT SHOULD APPROVE PAYMENT OF ADMINISTRATION-RELATED FEES AND EXPENSES

Based on the work performed by GCG, and the information contained in the Zuena Decl., Plaintiffs request that the Court authorize payment of $395,000 from the Settlement Fund for the balance of GCG's fees and expenses incurred and to be incurred in connection with services performed with respect to the administration and disbursement of the Settlement Fund. These services include, but are not limited to, printing and mailing over 257,000 claim packets, communicating with Class Members, mailing deficiency notices, preparing the tax returns for the Settlement Fund, processing the Proof of Claim forms, performing fraud checks, distributing the Net Settlement Fund to the Authorized Claimants, and following up with Authorized Claimants that fail to cash checks. *See* Zuena Decl., ¶¶46-51. It is important to recognize that the cost of administration could have been significantly higher in light of the large size of the Settlement Class; however, GCG and Lead Counsel worked together to reduce the cost of administration (*Id*. at ¶¶6, 47), and Lead Counsel negotiated discounts with GCG, resulting in a savings of $511,632.54. *Id*. at ¶¶48-49. The Court should, therefore, authorize this disbursement.

---

[4] A list of the Proofs of Claim submitted and their ultimate disposition is attached to the Zuena Decl. as Exhibit B, which consists of Exhibits B-1, B-2, and B-3. Exhibit B-1, entitled "Timely Eligible Claims," lists all the timely filed, provisionally accepted Proofs of Claims (including partially eligible claims) and states their Recognized Loss amounts in claim number order. Exhibit B-2, entitled "Late but Otherwise Eligible Claims," lists all late filed, provisionally accepted Proofs of Claim (including partially eligible claims) and states their Recognized Loss amounts in claim number order. Exhibit B-3, entitled "Wholly Rejected or Ineligible Claims," lists all the wholly rejected or ineligible Proofs of Claim and states the reason for their rejection or ineligibility in claim number order. For privacy reasons, Exhibit B provides only the claimant's designated claim number and Recognized Loss amount or reason for ineligibility (no names, addresses, or account numbers are disclosed).

## IV. THE COURT SHOULD BAR CLAIMS AGAINST THE SETTLEMENT FUND AND THOSE ADMINISTERING THE SETTLEMENT

It is also respectfully requested that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxations of the Settlement Fund or the Net Settlement Fund, including Plaintiffs' Counsel and GCG, be released and discharged from any and all claims arising out of such involvement, and all Class Members be barred from making any further claim against the Net Settlement Fund or the Released Persons beyond the amount allocated to them.

## IV. DISPOSITION OF ANY UNCLAIMED/UNCASHED PORTION OF THE SETTLEMENT FUND

Not all of the payments distributed to accepted Class Members will be cashed promptly. In order to encourage Class Members to promptly cash their distributions and to avoid or reduce future expense related to unpaid distributions, Plaintiffs' Counsel proposes that all the distribution drafts bear the notation "CASH PROMPTLY, VOID 90 DAYS AFTER ISSUE DATE."

Invariably, some settlement Class Members will not cash their checks, leading to a residual balance in the Settlement Fund. The Settlement Agreement provides that if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), any such balance shall be distributed to an Internal Revenue Code Section 501(c)(3) charity designated by Lead Counsel and unaffiliated with Defendants, Defendants' affiliates, Plaintiffs, or Plaintiffs' Counsel. The proposed Class Distribution Order submitted herewith confirms this provision of the Settlement Agreement and also approves Lead Counsel's selection of the Legal Assistance Foundation of Metropolitan Chicago (an Internal Revenue Code Section 501(c)(3) charity) to receive any residual

remaining in the Net Settlement Fund following the distribution to Class Members.[5] Accordingly, Plaintiffs respectfully request that the Court enter the proposed Class Distribution Order in this regard.

## V. RECORDS RETENTION AND DESTRUCTION

Plaintiffs respectfully request that the Court order that: (1) in no less than one (1) year after distribution of the Net Settlement Fund, GCG destroy the paper copies of the Proofs of Claim and all supporting documentation; and (2) in no less than three (3) years after distribution of the Net Settlement Fund, GCG destroy the electronic copies of the Proofs of Claim and all supporting documentation.

## CONCLUSION

As explained above and in the Zuena Decl., the work performed by GCG was conducted fairly and in accordance with the terms and provisions of the Settlement Agreement. Accordingly, Plaintiffs respectfully request that the Court enter the proposed Class Distribution Order submitted herewith, which will: (1) approve the administrative determinations of GCG accepting and rejecting claims submitted in this litigation; (2) authorize payment to GCG of its fees and expenses incurred and to be incurred in connection with the administration of the Settlement; (3) direct distribution of the Net Settlement Fund, after deduction of the payment requested herein, to Class Members whose Proofs of Claim have been accepted; (4) release and discharge all persons involved in the administration of the Settlement from any and all claims arising out of such involvement and/or bar any further claims against the Settlement Fund; (5) approve Lead Counsel's selection of the Legal Assistance Foundation of Metropolitan Chicago to receive any residual remaining in the Net

---

5 Attached hereto as Exhibit A is a letter from the Internal Revenue Service provided to Scott+Scott by Legal Assistance Foundation of Metropolitan Chicago attesting to the organization's status as 501(c)(3) charity.

Settlement Fund following the distribution to Class Members; and (6) authorize destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund and destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

DATED: January 31, 2013

Respectfully submitted,

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP

/s/ Geoffrey M. Johnson
GEOFFREY M. JOHNSON (*pro hac vice*)
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Tel: (216) 229-6088
Fax: (216) 229-6092

BETH A. KASWAN (#ILND-GB-2256)
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Tel: (212) 223-6444
Fax: (212) 223-6334

*Lead Counsel for Lead Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically via the Court's CM/ECF system this 31st day of January, 2013. This document was served electronically upon all those registered to receive electronic notice, and via regular U.S. mail upon all parties not so registered. All parties may access this document through the Court's CM/ECF system.

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ Geoffrey M. Johnson

GEOFFREY M. JOHNSON (*pro hac vice*)
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Tel: (216) 229-6088
Fax: (216) 229-6092

*Lead Counsel for Plaintiffs*